BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In Re COUNTRYWIDE MORTGAGE LENDING DISCRIMINATION LITIGATION | ) ) ) ) | MDL No. _____ |

**MOTION OF PLAINTIFFS GILLIAN MILLER, LAKISHA AUSTIN, ARTHUR DAVIS AND LUELLA DAVIS UNDER 28 U.S.C. § 1407 TO TRANSFER FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

1. Plaintiffs Gillian Miller, Lakisha Austin, Arthur Davis and Luella Davis ("Movants") hereby move pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an Order for Consolidation and Transfer of those cases listed on Exhibit A of the Exhibit Volume to the United States District Court for the District of Massachusetts which has the capacity and experience necessary to handle the litigation.

2. A Schedule of Actions is submitted herewith as Exhibit A in the accompanying Exhibit Volume. The complaints and docket sheets in the actions for which transfer is sought are submitted herewith as Exhibits B (complaints) and C (docket sheets) to the Exhibit Volume.

3. As set forth more fully in the accompanying brief, as of the date of this filing, at least three separate actions involving allegations of racial discrimination against Countrywide Home Loans, Inc. and related Countrywide entities ("Countrywide") in their mortgage lending businesses have been filed in various federal courts since July 2007.

4. Each of the actions shares allegations that plaintiffs were injured as a result of alleged racial discrimination by Countrywide. The plaintiffs in each action allege that Countrywide adopted a discretionary pricing policy that has a disparate impact on minorities. Specifically, each of the actions claim that, in addition to objective criteria used to determine the cost of a home mortgage loan, Countrywide used discretionary fees and charges to increase the cost of financing. Each of the actions allege that such practices result in minority borrowers having more expensive loans than similarly situated non-minority borrowers, and contends that such practices are in violation of the Equal Credit Opportunity Act ("ECOA") and the Fair Housing Act ("FHA").

5. Additionally, two of the three actions seek class certification. These two actions seek certification of overlapping classes comprising minority homeowners located throughout the United States who have been subjected to and harmed by allegedly discriminatory practices by Countrywide in obtaining their residential mortgage loans.

6. The earliest action, *Miller et al. v. Countrywide Bank, et al.*, No. 1:07-cv-11275-NG, is a putative nationwide class action filed by the Movants in the United States District Court for the District of Massachusetts on July 12, 2007.

7. Since then, two additional substantially similar and related cases have been filed against Countrywide: (1) *Garcia v. Countrywide Financial Corp., et al.*, No. 5:07-cv-01161-VAP-JCR, also a putative nationwide class action and filed on September 12, 2007 in the United States District Court for the Central District of California; and (2) *Jenkins v. Countrywide Home Loans, Inc.*, No. 08CV2935, an individual action filed on May 21, 2008 in the United States District Court for the Northern District of Illinois.

8. As explained more fully in the accompanying memorandum, coordination of these actions for pretrial proceedings will serve the conveniences of the parties and witnesses and promote the just and efficient conduct of the actions.

9. Coordinated pretrial proceedings will permit coordinated discovery, which would allow all plaintiffs access to relevant witnesses and documents and avoid duplication of efforts.

10. Coordination for pretrial proceedings also would prevent inconsistent pretrial rulings (including on the issues of class certification and contested discovery) and conserve the resources of the parties, their counsel, and the judiciary.

11. As explained more fully in the accompanying memorandum, the following three Districts emerge as potential transferee Districts: the District of Massachusetts, the Central District of California and the Northern District of Illinois.

12. As explained more fully in the accompanying memorandum, the District of Massachusetts is the most appropriate transferee District in light of, among other things, the Movants' first filed action there.

13. A copy of this Motion, the Memorandum in support, and the accompanying Exhibit Volume was served on each party to each action set forth in the Schedule of Actions, and a copy has been filed in each district court in which an action potentially affected by this motion is pending.

Respectfully Submitted,
On behalf of
GILLIAN MILLER, LAKISHA AUSTIN,
and ARTHUR and LUELLA DAVIS,

/s/ *signature*

Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA  02111-2810
Tel:  (617) 357-5500
Fax:  (617) 357-5030


Marvin A. Miller
Matthew E. VanTine
Lori A. Fanning
MILLER LAW LLC
115 South LaSalle Street
Suite 2910
Chicago, IL  60603
Tel:  (312) 332-3400


Samuel H. Rudman
Robert M. Rothman
Mark S. Reich
COUGHLIN STOIA GELLER RUDMAN
    & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Tel:  (631) 367-7100

Thomas M. Sobol
Gregory Matthews
HAGENS BERMAN SOBOL SHAPIRO
    LLP
One Main Street, 4th Floor
Boston, MA  02142
Tel:  (617) 475-1950


DATE:  June 4, 2008