BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In Re COUNTRYWIDE MORTGAGE          )     MDL No. _____
LENDING DISCRIMINATION LITIGATION
                                    )
_____
                                    )

                                    )

**MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFFS GILLIAN MILLER, LAKISHA AUSTIN, ARTHUR DAVIS AND LUELLA DAVIS UNDER 28 U.S.C. § 1407 TO TRANSFER FOR CONSOLIDATED AND COORDINATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, Plaintiffs Gillian Miller, Lakisha Austin, Arthur Davis and Luella

Davis, plaintiffs in the action entitled *Miller et al. v. Countrywide Bank, N.A. et al.*, No. 1:07-cv-

11275-NG, pending in the United States District Court for the District of Massachusetts

(hereinafter "Movants"), respectfully submit this Memorandum in support of their Motion that

the Judicial Panel on Multidistrict Litigation establish an MDL proceeding to centralize and

coordinate the federal cases alleging racially discriminatory mortgage lending practices which

are listed in the Schedule of Actions attached as Exhibit "A" in the accompanying Exhibit

Volume. Movants believe that the cases should be transferred to the District of Massachusetts.

## I.    <u>INTRODUCTION</u>

Countrywide Home Loans, Inc. and related Countrywide entities ("Countrywide")
provide residential mortgage loans to consumers throughout the nation and is one of the nation's
leading originators and servicers of home mortgages.  Three federal lawsuits, two setting forth
class action allegations and alleging overlapping nationwide classes and a third filed as an
individual action, have been filed against Countrywide alleging racially discriminatory mortgage
lending.  The three cases pending at the time of the filing of this Motion, listed in the order of
filing, are:

1.    *Miller et al. v. Countrywide Bank, N.A. et al.*, No. 1:07-cv-11275-NG (D. Mass. 2007)

2.    *Garcia v. Countrywide Financial Corp. et al.*, No. 5:07-cv-01161-VAP-JCR (C.D. Cal. 2007)

3.    *Jenkins v. Countrywide Home Loans, Inc.*, No. 08CV2935 (N.D. Ill. 2008)

In all three cases, the plaintiffs make similar allegations of racially discriminatory
lending.  The plaintiffs challenge Countrywide's discretionary pricing policy, which refers to
Countrywide's policy of authorizing its loan officers, brokers and correspondent lenders to
include subjective, discretionary charges and interest rate markups in the finance charges of
home-mortgage loans they originate and to steering minority borrowers into products more likely
to be subject to those charges.  These charges and markups are totally unrelated to a borrower's
objective credit characteristics, and they result in purely subjective charges that affect the rate
otherwise available.

Each of the three actions names Countrywide Home Loans, Inc. and related Countrywide
entities as principal defendants.  Two of the three complaints seek certification of nationwide

classes, namely minority homeowners in the United States who have been subjected to and harmed by racially discriminatory mortgage lending practices.

Because these actions share a common defendant and common allegations—including overlapping nationwide class allegations in the two actions brought as class action cases—the actions will benefit from coordinated pretrial proceedings. Discovery into class-related issues and discovery concerning Countrywide's mortgage lending business will be substantially similar in the actions and should be coordinated to minimize inconvenience and repetition. Coordinated pretrial proceedings will also ensure efficient motion practice and consistency of results, including the core issue of class certification in the two actions brought as class actions. Inconsistent results will be avoided on other issues as well, such as discovery issues.

## II.    BACKGROUND

On July 12, 2007, Movants filed the first class action alleging discriminatory lending practices against Countrywide Home Loans, Inc, Countrywide Bank, Countrywide Correspondent Lending, Full Spectrum Lending, Inc., Summit Mortgage LLC and Loans for Residential Homes Mortgage Corp. in the United States District Court for Massachusetts. (*See* Complaint, 1:07-cv-11275-NG (D. Mass. 2007)). The *Miller* complaint alleges that Countrywide discriminated against minority borrowers by establishing a discretionary pricing policy which has a disparate impact on Black borrowers. Movants allege violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§1691-1691(f); and the Fair Housing Act ("FHA"), 42 U.S.C. §§3601-3619.

On September 10, 2007, Countrywide filed a motion to dismiss which currently is pending before the court. On May 8, 2008, the case was reassigned to Judge Nancy Gertner and

oral argument on the motion to dismiss is set for July 9, 2008. Movants have commenced the discovery process and served their initial discovery.

On September 9, 2007, Gabriel Garcia ("Garcia") filed the second nationwide class action alleging discriminatory lending practices against Countrywide Financial Corporation and Countrywide Home Loans, Inc. in the United States District Court for the Central District of California (Eastern Division-Riverside). (*See* Complaint, 5:07-cv-01161-VAP-JCR (C.D. Cal. 2007)). The *Garcia* complaint alleges that minority borrowers were harmed by Countrywide's discretionary credit pricing system. Garcia claims that Countrywide's discriminatory lending practices violate the ECOA, FHA, and 42 U.S.C. §§ 1981 and 1982. On November 8, 2007, Countrywide filed a motion to dismiss all claims. On January 15, 2008, the court denied the motion with respect to the disparate impact claims under ECOA and FHA, while granting the motion with respect to the intentional discrimination claims under 42 U.S.C. §§ 1981 and 1982. As Movants have done in the *Miller* case, Garcia served initial discovery requests. The parties also exchanged initial disclosures.   A case management conference was conducted on June 2, 2008.

Recently, on May 21, 2008, Sonia Jenkins ("Jenkins") filed the third case alleging discriminatory lending practices against Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, in the United States District Court for the Northern District of Illinois (Eastern Division) (*See* Complaint, 08CV29335 TC (N.D. Ill. 2008)). The *Jenkins* complaint echoes prior Complaints in that it alleges Countrywide established a discretionary pricing policy which has a disparate impact on minority borrowers in violation of the ECOA and FHA.

The focus of all three complaints is Countrywide's discretionary pricing in home mortgage lending. The actions all allege a policy of discretionary loan pricing by Countrywide. Two of the three actions seek to certify overlapping nationwide classes of minority homeowners who have been subjected to these discriminatory policies, while the *Jenkins* action is an individual action.

## III.    LEGAL ARGUMENT

### A.    Consolidation and Transfer Are Appropriate and Necessary.

Under 28 U.S.C. §1407, consolidation for pretrial proceedings of civil actions "involving one or more common questions of fact" is appropriate where, as here, transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." The lawsuits listed in the attached Schedule of Actions make similar allegations against the same defendants, and plaintiffs in two of the three listed actions purport to represent overlapping nationwide classes of minority loan borrowers. Therefore, coordinating all of those actions under Section 1407 in one transferee district will serve the convenience of the parties and witnesses and promote the efficient and just conduct of litigation.

As explained more fully below, the similarity of the allegations against Countrywide makes multidistrict treatment of these three cases appropriate and worthwhile. Moreover, the most suitable transferee district for these actions is the District of Massachusetts, which has the first filed case and is the home office of Countrywide's counsel on all three of the cases.

### B.    Common Issues Shared Among The Scheduled Actions Favor Coordinated Discovery and Pretrial Proceedings Before One District Judge.

This Panel has acknowledged that mortgage lending practices cases sharing one or more complex factual allegations may be appropriate for transfer to a single district judge for

coordinated pretrial proceedings under Section 1407. *See e.g.*, *In re Community Bank of North Virginia Mortgage Lending Practices Litig.*, 368 F. Supp.2d 1354, 135 (J.P.M.L. 2005) (ordering consolidation where four cases shared factual allegations that lenders conspired to include undisclosed fees and costs in residential mortgages); *In re Ocwen Fed. Bank FSB Mortg. Servicing Litig.*, 314 F. Supp. 2d 1376, 1378 (J.P.M.L. 2004) (consolidating nine cases that shared factual questions arising out of allegations of unfair loan servicing and/or debt collection practices.)

These actions against Countrywide present similar conditions. The actions involve almost identical allegations against Countrywide regarding residential mortgage lending, and two of the three actions purport to seek the certification of virtually the same nationwide class. And, in any event, this Panel has acknowledged that Section 1407 does not require "complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *In re Accutane Prods. Liab. Litig.*, 343 F. Supp.2d 1382, 1383 (J.P.M.L. 2004). The common allegations against Countrywide, the common class and merits-based discovery that no doubt will occur, and the need to address pretrial issues such as a class certification in a uniform manner make coordinated pretrial proceedings in one transferee District proper for these actions.

### C.  Multidistrict Litigation Before One District Judge Will Serve the Convenience Of The Parties And Witnesses.

When transfer of proceedings is, taken as a whole, convenient to the parties and the witnesses, the Panel will order consolidation. *In re "East of the Rockies" Concrete Pipe Antitrust Cases*, 302 F. Supp. 244, 254 (J.P.M.L. 1969). Where transfer would be convenient for some parties but inconvenient for other parties, the Panel will use a balancing test to determine in a utilitarian fashion whether the overall convenience is enhanced. *In re Galveston, Texas Oil*

*Well Platform Disaster*, 322 F. Supp. 1405, 1407 (J.P.M.L. 1971). Indeed, only some enhancement of the convenience of the parties and witnesses is sufficient to meet the requirements of Section 1407, and as long as there is some reduction in overall inconvenience, transfer is appropriate. *In re New York City Municipal Services Litigation*, 439 F. Supp. 267 (J.P.M.L. 1977).

Here, coordinated pretrial proceedings will promote convenience and efficiency. A key example is discovery, which is in the beginning stages. Pretrial coordination will permit discovery to occur in an organized and efficient fashion, supervised by a single judge and directly by lead counsel. Class discovery could be conducted once; expert depositions could be taken once on a schedule that meets the needs of all involved; and the need to produce similar sets of documents numerous times could be obviated. Motion practice also would be more convenient, as issues such as class certification could be briefed and heard once on a suitable schedule.

**D.    Multidistrict Litigation Before One District Judge Will Promote Justice and Efficiency By Eliminating Duplicative Discovery and Inconsistent Pre-Trial Rulings.**

Centralization promotes efficiency where it eliminated duplicative discovery and avoids repetitive or inconsistent rulings. *In re New York City Municipal Securities Litig.*, 439 F. Supp. at 269 (transfer "necessary to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and to conserve the efforts of the parties, the witnesses and the judiciary."). Of importance, the Panel has consistently held that "matters concerning class action certification should be included in the coordinated or consolidation pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency." *In re Piper Aircraft Distribution System Litig.*, 405 F. Supp. 1402, 1403-1404 (J.P.M.L. 1975). As the Panel has said, "[A]

7

potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district court for coordinated or consolidated pretrial proceedings." *In re Multidistrict Private Civil Treble Damage Litigation Involving Plumbing Fixtures*, 308 F. Supp. 242, 243-44 (J.P.M.L. 1970).

Thus, in addition to promoting convenience, concentration of these actions will avoid inconsistent pretrial rulings on issues affecting multiple cases. Class certification is, again, an issue on which rulings should be consistent, since plaintiffs in the two actions alleged as nationwide class actions seek very similar and overlapping classes. Although this is reason alone to handle these actions in multidistrict litigation, there are other issues on which pretrial ruling should be consistent. Any disputes regarding discovery should be resolved in a consistent manner so that the parties will labor under one set of rulings. In short, transferring these cases to one transferee district would accomplish precisely the consistency and economy of proceedings Section 1407 was meant to achieve.

### E.    The Cases Should Be Transferred to Judge Gertner in the District of Massachusetts.

As explained in more detail below, among the potential transferee Districts (District of Massachusetts, Central District of California and Northern District of Illinois), the most appropriate is the District of Massachusetts.

### 1.    The *Miller* Action Pending in the District of Massachusetts is the First Filed and Most Advanced Along with the *Garcia* Action.

Key factors in deciding where to transfer consolidated actions include where the first-filed and most advanced cases are pending. *In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006) (transfer of actions to forum where first-filed and largest number of lawsuits were pending); *In re Rubber Chems. Antitrust Litig.*, 350 F. Supp. 2d

1366, 1367 (J.P.M.L. 2004) (transfer to district where first-filed and most advanced action was pending); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 435 F. Supp. 2d 1338, 1340 (J.P.M.L. 2006) (same).

The *Miller* case is the first filed action. Movants filed the *Miller* action on July 12, 2007, in the District of Massachusetts, two months before the *Garcia* case was filed in the Central District of California, and nine months before the individual case, *Jenkins*, was filed in the Northern District of Illinois.

While Countrywide's motion to dismiss is pending in the *Miller* case, the Miller case and the *Garcia* case are at essentially the same stage of initial discovery. In both cases, disclosure statements have been exchanged and document requests served by plaintiffs. In anticipation of an MDL, Movants and their counsel have initiated cooperative efforts with the plaintiff and his counsel in *Garcia*, with respect to initial document requests and deposition notices. Accordingly, the parties in *Miller* and *Garcia* have engaged in joint meet and confer discussions in an attempt to resolve discovery disputes regarding plaintiffs' document requests.

### 2. The Majority of the Plaintiffs, Defense Counsel and Plaintiff's Counsel Are Located in the District of Massachusetts.

Movants, who represent a majority of the plaintiffs in the three related actions (four out of the six), all reside in the District of Massachusetts. *See In re Air Crash Disaster Near Silver Plume, Colo.*, 352 F. Supp. 968 (J.P.M.L. 1972) (transfer of actions to district where "most of the plaintiffs" are domiciliaries). Also, lead counsel for Movants, Gary Klein of Roddy Klein & Ryan, is located in the District, with offices in Boston, Massachusetts.

Countrywide's headquarters, on the other hand, are located in the Central District of California, a factor which is often considered by the Panel. In this particular case, however, the

headquarters location does *not* weigh heavily toward transfer to the Central District of California. Because these actions are disparate impact cases, they will undoubtedly be prosecuted primarily based on statistical evidence. Consistent with past practice and contemporary discovery methods, the plaintiffs in *Miller* and *Garcia* have sought production of documents in imaged rather than hard copy format. Much of the discovery in this case will entail the production and analysis by experts of loan data and other electronic information which can be produced in Massachusetts as easily as anywhere else. Experts will likely be the key witnesses in this type of case. Thus, the actual physical location of documents and witnesses should not weigh heavily in the analysis here. *Gilstrap v. Radianz Ltd.*, 443 F. Supp. 2d 474, 488 (S.D.N.Y. 2006) ("in the era of electronic discovery", consideration of forum where access may be had to documentary evidence a factor carrying "less weight").

Importantly, Countrywide has retained its legal representation, in each of the pending cases in which counsel has appeared, from the East Coast and from Massachusetts, not in California. Countrywide's lead counsel, Thomas Hefferon of Goodwin Procter LLP, is located in Washington D.C. and James McGarry, also of Goodwin Procter LLP, is located in Boston, Massachusetts. In fact, Countrywide's counsel has to date traveled cross-country to California to cover preliminary matters in the *Garcia* matter, an inconvenience that would be avoided with the MDL consolidation and transfer Movants request here. None of the lead counsel for any of the parties in the three actions is located in the Central District of California.

### 3. Countrywide Conducts Significant Business in Massachusetts and the East Coast.

It has been held that the forum closest to the center of gravity for the litigation is a preferred transferee forum. *In re TMJ Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554

(J.P.M.L. 1994). Here, no particular location can be pinpointed as a center of gravity. Countrywide has an enormous nationwide presence in the residential mortgage loan industry and is widely known to be the #1 home mortgage lender in the United States. *See e.g.* http://about.countrywide.com/about/about.aspx ("Countrywide is America's #1 home loan lender") (last checked May 27, 2008); http://about.countrywide.com/PressRoom/FactsCountrywide.aspx (Countrywide ranked as nation's #1 mortgage originator and #2 mortgage servicer as of December 31, 2006 according to industry expert Inside Mortgage Finance Publications) (last checked May 27, 2008); http://about.countrywide.com/AnnualReports/AnnualReports.aspx?pr=yes (Countrywide Financial Corporation's 2006 Annual Report containing discussion of Countrywide as "the largest mortgage lender in America," having funded $668 billion in home loans since 2001 with aid of "approximately 30,000 mortgage brokers across the country") (last checked May 27, 2008). Thus, the District of Massachusetts is the best District for transfer not only because it is where the first filed action is pending, where the action is asserted on behalf of a nationwide class in contrast to the individual case filed in Illinois, and is the closest in proximity to lead counsel for Movants, lead counsel for Countrywide, and the majority of Plaintiffs – it is also a District in which Countrywide regularly conducts its substantial nationwide business.

### 4. The District of Massachusetts Is Easily Accessible and is the Most Appropriate Choice After Consideration of Docket Conditions and MDL Experience.

Boston is easily accessible for coordination. Boston's international airport is one of the busiest airports in the United States and has been reported to service over 27 million passengers annually with over 1,100 incoming and outgoing flights daily. *In re Educ. Testing Serv. Plt 7-12*

*Test Scoring Litig.*, 350 F. Supp.2d 1363, 1365 (J.P.M.L. 2004) (choosing an "accessible, metropolitan location with favorable caseload conditions").

In addition, Judge Gertner and the District of Massachusetts has considerable experience with MDL proceedings. Judge Gertner's experience includes *In re Citigroup, Inc., Capital Accumulation Plan Litigation* (MDL 1354) and *In re Standard Automotive Corp. Retiree Benefits ERISA Litigation* (MDL 1753). Her experience weighs in favor of transfer. *See In re Commer. Money Ctr., Inc. Equip. Lease Litig.*, 229 F. Supp.2d 1379 (J.P.M.L. 2002) (assigning case to available transferee judge with successful experience in multidistrict litigation and court equipped to handle litigation).

Judge Gertner currently has only one pending MDL, the *Citigroup* matter (MDL 1354), and Judge Phillips in the Central District of California has no pending MDLs. Judge David H. Coar of the Northern District of Illinois, who presides over the individual *Jenkins* case, currently has three current MDL assignments, including an MDL assigned to him on April 9, 2008, the *In re Aqua Dots Products Liability Litigation* (MDL 1940).

### 5. Judge Gertner Is an Experienced Judge and Is Familiar with Class Actions and Discrimination Cases, Including Racial Discrimination Cases.

Judge Gertner is well-suited to oversee these MDL proceedings. Judge Gertner has fifteen years of experience as a U.S. District Court judge. She has particular experience in handling cases brought as class actions. *See e.g. Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21 (D. Mass. 2003) (certification of products liability class action involving complex class issues such as conflicts of law, individual causation and comparative fault).

Judge Gertner has handled disparate impact race-discrimination class action cases in the past. *See Gaines v. Boston Herald, Inc.*, 998 F. Supp. 91 (D. Mass. 1998) (in Title VII disparate

impact and disparate treatment case, classes of minority job applicants were certified). Her

particular experience in presiding over discrimination cases extends to a variety of federal causes

of action and a wide range of factual contexts. *See e.g. Pina v. Town of Plympton*, 529 F. Supp.

2d 151 (D. Mass. 2007) (FHA); *Wade v. Brady*, 460 F. Supp. 2d 226 (D. Mass. 2006) (Section

1983); *Andujar v. Nortel Networks, Inc.*, 400 F. Supp. 2d 306 (D. Mass. 2005) (Title VII);

*Campbell v. General Dynamics Government Systems Corp.*, 321 F. Supp. 2d 142 (D. Mass.

2004) (ADA); *Vesprini v. Shaw Industries, Inc.*, 221 F. Supp. 2d 44 (D. Mass. 2002) (ADEA);

*Scott v. Macy's East, Inc.*, Civ. No. 01-10323-NG, 2002 WL 31439745 (D. Mass. Oct. 31, 2002)

(Section 1982); *see also Comfort ex rel. Neumyer v. Lynn School Committee*, 283 F. Supp. 2d

328 (D. Mass. 2003) (review of constitutionality of school district desegregation plan which took

race into account when determining a student's ability to transfer out of neighborhood school).

## IV.    <u>CONCLUSION</u>

For the reasons stated above, Movants request that their Motion be granted and that the

Panel transfer the cases listed on the attached Schedule of Actions to a single transferee district

court for coordinated pretrial proceedings. Applying factors relevant under Section 1407, the

most appropriate transferee district is the District of Massachusetts.

Respectfully Submitted,

On behalf of

GILLIAN MILLER, LAKISHA AUSTIN,
and ARTHUR and LUELLA DAVIS,

Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue

Boston, MA  02111-2810
Tel:  (617) 357-5500
Fax:  (617) 357-5030


Marvin A. Miller
Matthew E. Van Tine
Lori A. Fanning
MILLER LAW LLC
115 South LaSalle Street
Suite 2910
Chicago, IL  60603


Samuel H. Rudman
Robert M. Rothman
Mark S. Reich
COUGHLIN STOIA GELLER RUDMAN
        & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Tel:  (631) 367-7100

Thomas M. Sobol
Gregory Matthews
HAGENS BERMAN SOBOL SHAPIRO
        LLP
One Main Street, 4th Floor
Boston, MA  02142
Tel:  (617) 475-1950


DATE: June 4, 2008