**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SONIA JENKINS, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | 08 CV 2935 |
| | ) | |
| v. | ) | Judge Coar |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC., d/b/a | ) | Magistrate Judge Keys |
| AMERICA'S WHOLESALE LENDER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**COUNTRYWIDE'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO STRIKE CLASS ALLEGATIONS**

Plaintiffs Sonia Jenkins, German Pena, and Bernice Smith seek to represent a nationwide class of Countrywide borrowers allegedly discriminated against due to race or national origin. This Court should refuse to allow this case to proceed as a class action, however, and should strike the class allegations from the Complaint.

The class allegations should be stricken based on the repeated admissions by Plaintiffs' counsel, Al Hofeld, Jr., that he lacks the resources to adequately prosecute this type of class action. These admissions make clear that Plaintiffs fail Rule 23's adequacy of counsel requirement. The conclusion that Mr. Hofeld cannot provide the class with adequate representation is easily drawn from his two recent submissions in virtually identical actions within this district in which Mr. Hofeld represents that he lacks the "resources necessary to properly conduct and manage class-wide discovery." *See* Exhibits 1 and 2 ("Hofeld Motions"). Indeed, Mr. Hofeld also represented that he was incapable of handling disparate impact claims, even on an individual basis. Exs. 1 and 2. Although both of those actions, like this one, involved disparate impact claims under the Equal Credit Opportunity Act ("ECOA") and the Fair

Housing Act ("FHA"), Mr. Hofeld could not handle the burdens of discovery there. There is no reason to think that he is properly equipped to do so here. Accordingly, Plaintiffs cannot show that Mr. Hofeld meets Rule 23's adequacy of counsel requirements, necessitating that the class allegations be stricken. The unusual timing of Plaintiffs' amendment to add class allegations – suspiciously close on the heels of the filing of a motion to consolidate this case with two others before the Panel on Multidistrict Litigation – when considered in light of counsel's admissions, further suggests Plaintiffs have not selected an adequate class counsel. The class allegations should be stricken.

## **BACKGROUND**

### **The Hofeld Motions**

On April 10, 2007, plaintiffs Carter and Thelma Ware, through counsel, Edelman, Combs, Latturner & Goodwin, LLC, filed a class action complaint styled *Ware v. Indymac Bank FSB* (Case No. 1:07-cv-01982) against several mortgage companies alleging discrimination under the FHA and ECOA. The plaintiffs filed an amended class action complaint on May 15, 2007. On March 3, 2008, the court permitted the attorneys from the Edelman, Combs firm to withdraw, leaving Mr. Hofeld as sole counsel for plaintiffs. On May 14, 2008, the plaintiffs filed a Motion to Voluntarily Dismiss Class Allegations and Certain Counts. *See* Exhibit 1. In that motion, the plaintiffs sought to withdraw all class allegations and dismiss the FHA and ECOA claims. *Id.* The stated reason for the motion was that the plaintiffs "and their counsel do not possess the financial or human resources necessary to properly conduct and manage class-wide discovery at this time." *Id.* ¶ 2. The plaintiffs' motion was granted by Judge Bucklo on May 16, 2008.

On August 8, 2007, plaintiff Jerome Newman, though counsel, Edelman, Combs,

Latturner & Goodwin, LLC, filed a class action complaint styled *Newman v. Apex Financial

Group, Inc.* (Case No. 1:07-cv-04475) against several mortgage companies alleging

discrimination under the FHA and ECOA. The plaintiff filed an amended class action complaint

on September 20, 2007. On February 29, 2008, the court permitted the attorneys from the

Edelman, Combs firm to withdraw, leaving Mr. Hofeld as sole counsel for plaintiff. On June 2,

2008, the plaintiff filed a Motion to Voluntarily Withdraw Class Allegations and Dismiss Counts

I and II. *See* Exhibit 2. In that motion, the plaintiff sought to withdraw all class allegations and

dismiss the FHA and ECOA claims. *Id.* As with the *Ware* matter, the stated reason for the

motion was that the plaintiff and "his counsel have determined that his counsel does not possess

the financial or human resources necessary to properly conduct and manage class-wide discovery

at this time." *Id.* ¶ 2. The plaintiff's motion was granted by Judge Der-Yeghiayan on June 5,

2008.

**The *Jenkins* Action**

One week after Mr. Hofeld's motion to dismiss the ECOA, FHA, and class allegations in

*Ware*, Mr. Hofeld filed this lawsuit alleging ECOA and FHA violations on behalf of Sonia

Jenkins. Compl. ¶ 1. Ms. Jenkins contended that Countrywide had discriminated against her

specifically through the facially-neutral "policy" of permitting "discretionary pricing." Compl.

¶ 2. The Complaint, however, made no class allegations. On June 27, 2008, three weeks after

Mr. Hofeld's motion to withdraw class allegations in *Newman*, he filed an Amended Complaint

in which he added putative nationwide class allegations as well as additional plaintiffs and

Countrywide defendants. ¶¶ 8-9, 107-115.

In the Amended Complaint, Plaintiffs allege that Countrywide, one of the country's largest mortgage lending companies, permits a "discretionary pricing policy" in its credit pricing system which has a disparate impact on minority loan applicants in violation of ECOA and the FHA. *Id.* ¶¶ 2, 26. Plaintiffs allege that Countrywide uses risk-related underwriting criteria to determine the creditworthiness of loan applicants but that it allows brokers and loan officers "discretion" to price loans above that risk. *Id.* ¶¶ 41-45.

## ARGUMENT

### I.    Countrywide's Motion to Strike Is Procedurally Appropriate.

It is proper for Countrywide to bring this motion to determine that Plaintiffs' class allegations be stricken. *Cook County Coll. Teachers Union v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) ("One opposing a class action may move for an order determining that the action may not be maintained as a class suit."); *see also* 7AA CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE, § 1785 (3d ed. 2005) (recognizing that either the "plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)"). Whether Plaintiffs will be able to establish the "threshold requirements for maintaining a class action" should be addressed before this case proceeds any further. *Earnest v. General Motors Corp.*, 923 F. Supp. 1469, 1473 (N.D. Ala. 1996); *see also* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action"). There is no reason to wait for a motion for class certification by Plaintiffs. *Hylaszek v. Aetna Life Ins. Co.*, No. 94-C-5961, 1998 WL 381064, at *2 (N.D. Ill. July 1, 1998) (motion to strike "is procedurally timely" even where plaintiffs have not moved for class certification).

4

Under Rule 23, motions to strike are a well-recognized means for the early dismissal or narrowing of class allegations that are inadequate as a matter of law. 7A WRIGHT *ET AL.*, *supra*, § 1759 (citing cases); *Henry v. Allstate Ins. Co.*, No. 07-1738, 2007 WL 2287817, at *3-4 (E.D. La. Aug. 8, 2007) (striking class claims that could not meet Rule 23(b)(3)'s predominance requirement); *Thornton v. State Farm Mut. Auto Ins. Co., Inc.*, No. 1:06-cv-00018, 2006 WL 3359482 (N.D. Ohio Nov. 17, 2006) (granting motion to strike where Rule 23's superiority requirement was not met); *Kubany v. Sch. Bd. of Pinellas County*, 149 F.R.D. 664, 665-66 (M.D. Fla. 1993) (granting motion to strike where plaintiff did not meet Rule 23 requirements). That recognition stems from Rule 23's express language providing district courts with the power to strike class allegations. Fed. R. Civ. P. 23(d) ("the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons"); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 184 n.6 (1974) (trial court may "require that pleadings be amended to eliminate class allegations").

Just like in a motion for class certification, plaintiffs bear the burden of showing that the class is maintainable where a defendant brings a motion to strike class allegations. *Blihovde v. St. Croix County*, 219 F.R.D. 607, 614 (W.D. Wis. 2003) ("the case law is clear that the burden remains with the party seeking class certification regardless who moves the court to make the determination"); *see also Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976) ("A plaintiff has the burden of proving that a case is appropriately a class action and meets all the requirements of Rule 23.").

Striking class allegations saves the Court and the parties the time and expense necessitated by overbroad class proceedings, concerns here which are exacerbated by Mr. Hofeld's professed inability to manage such proceedings. Limiting the case to the three

5

individual plaintiffs will greatly reduce any discovery and pleadings burdens. Striking class allegations here would also send the important message that class actions should not be driven by ulterior motives, such as seeking to gain an advantage in collateral proceedings.[1]

## II.    The Class Allegations Should Be Stricken Because Plaintiffs' Counsel Cannot Adequately Represent the Putative Class

Before even responding to this motion, Plaintiffs' counsel, Mr. Hofeld, will himself have provided the Court with everything it needs to find that he is incapable of adequately representing the proposed class for purposes of Rules 23(a)(4) and 23(g). The Court need only look to Mr. Hofeld's own words, where he admits he does "not possess the financial or human resources necessary to properly conduct and manage class-wide discovery at this time." Hofeld Motions. He first made that statement on May 14, 2008 in a matter before Judge Bucklo, and then again on June 2, 2008 in a matter before Judge Der-Yeghiayan. *Id.* And he did not qualify his statement by claiming he could not handle class-wide discovery only in those particular cases. Indeed, given that Countrywide is a much larger lender than either of the defendants in the cases in which Mr. Hofeld has withdrawn class allegations, it is illogical to conclude that he is adequate here while inadequate there. Furthermore, Mr. Hofeld also claimed to be hampered by the same "resource constraint[s]" in attempting to make a case of disparate impact discrimination on an *individual* basis. *Id.* Thus, he withdrew not just the class action allegations in those two actions, but also the disparate impact claims of the named plaintiffs. *Id.*

In light of Mr. Hofeld's admissions, Plaintiffs cannot possibly show, as they must under Rule 23, that their counsel can adequately represent the putative class. Rule 23 makes

---

[1]    Countrywide notes for the record that there are many other reasons why this case cannot be certified as a class, including that individual issues will plainly predominate in a case like this one, which turns on how the terms of individual mortgage loans were negotiated with borrowers. For purposes of this Motion, however, the Court need not address any Rule 23 requirements other than adequacy of counsel.

abundantly clear that counsel's inadequacy is a bar to class certification. *See* Fed. R. Civ. P.

23(a)(4), 23(g); *see also Valentino*, 528 F.2d at 978 ("Failure to meet any one of the

requirements of Rule 23 precludes certification of a class."). Rule 23(a)(4) requires that "the

representative parties will fairly and adequately protect the interests of the class." That inquiry

goes not only to the named plaintiffs' representation, but class counsel's representation as well.

*Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (under Rule 23(a)(4), class counsel must

be "qualified, experienced and generally able to conduct the litigation"); *Oshana v. Coca-Cola*

*Bottling Co.*, 225 F.R.D. 575, 582 (N.D. Ill. 2005) (same). Counsel's handling of prior class

actions is a relevant consideration under the Rule 23(a)(4) inquiry. *Greisz v. Household Bank*

*(Illinois), N.A.*, 176 F.3d 1012, 1014 (7th Cir. 1999) (denial of class certification appropriate

where counsel had prior record of "unsuccessful efforts to conduct class actions"). Also

important is the amount of resources available to counsel. *Esler v. Northrop Corp.*, 86 F.R.D.

20, 37 (W.D. Mo. 1979) ("All of the resources of counsel must be evaluated, including

professional experience, motivation, competence, support personnel, and other professional

commitments.").

　　　　Rule 23(g), which was added in 2003, provides an even more detailed list of requirements

for this Court to consider regarding the appointment of class counsel:

> In appointing class counsel, the court . . . must consider: (i) the work counsel has
> done in identifying or investigating potential claims in the action; (ii) counsel's
> experience in handling class actions, other complex litigation, and the types of
> claims asserted in the action; (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class; [and] may
> consider any other matter pertinent to counsel's ability to fairly and adequately
> represent the interests of the class.

As the Rule explicitly states, each of the above four enumerated factors "must" be considered by

a court when assessing adequacy of counsel. *Redmon v. Uncle Julio's of Ill., Inc.*, 249 F.R.D.

7

290, 297 (N.D. Ill. 2008) (qualifying law firm under Rule 23(g) where it submitted affidavit asserting, in part, that it had "experience handling similar class actions [and] the resources to investigate the potential class claims").

Evaluating Plaintiffs' counsel against the requirements of Rule 23 leads to one conclusion: Mr. Hofeld is not fit to proceed as class counsel. First, with respect to Rule 23(a)(4), Mr. Hofeld already admitted he lacks the resources to manage this type of litigation. Moreover, one of Mr. Hofeld's recent submissions makes it obvious that he views the presence of co-counsel as the only way he feels comfortable managing this type of complex class action. *See* Exhibit 1. There, he acknowledged that without being allowed to coordinate discovery with another action involving several other law firms, he would not have access to the resources necessary to manage the case. *Id.* ¶ 2 ("Plaintiffs have decided to withdraw the class allegations because, following the Court's denial of plaintiffs' Motion to Relate *Mables, et al., v. Indymac*, 08 C 2216, to this case, they and their counsel do not possess the [necessary] financial or human resources"); *see also* Docket for *Mables et al v. IndyMac Bank, F.S.B.*, Case No. 1:08-cv-02216 (attached hereto as Exhibit 3) (listing, in addition to Mr. Hofeld, the firms of Bonnett, Fairbourn, Friedman & Balint, P.C., Roddy Klein & Ryan, and Miller Law LLC as counsel for plaintiffs).

Had Mr. Hofeld remained at his prior firm, perhaps he could have harnessed the resources to manage this case. *See In re Aiello*, 231 B.R. 693, 713-14 (Bankr. N.D. Ill. 1999) (finding that firm, then Edelman and Combs, to be competent class action counsel). Given Mr. Hofeld's recent spate of dismissals, however, there is no other conclusion than that the Law Offices of Al Hofeld, Jr. LLC, *see* Hofeld Motions, is not "generally able to conduct the litigation." *Stout*, 228 F.3d at 717.

8

Second, Mr. Hofeld plainly cannot satisfy all of the mandatory factors under Rule 23(g). His statements to judges of this Court in other cases demonstrate that he has insufficient resources to "commit to representing the class." Fed. R. Civ. P. 23(g); Hofeld Motions. Furthermore, his "experience in handling class actions," *see* Fed. R. Civ. P. 23(g), as exemplified by his recent habit of backing out of complex cases, reflects a lack of the experience necessary to proceed as class counsel. As such, this Court should find that Mr. Hofeld lacks the requirements necessary to satisfy Rule 23(g). *E.g., Sweet v. Pfizer*, 232 F.R.D. 360, 370 (C.D. Cal. 2005) (finding counsel inadequate under Rule 23(g) because of concerns "regarding the adequacy of Plaintiffs' counsel to handle a large class action in federal court").

Finally, while Mr. Hofeld may be tempted to add additional counsel in response to Countrywide's motion, the Court should not allow any such last-ditch effort to salvage the class allegations. *Id.* at 371 (plaintiffs' position that "more experienced counsel was waiting to become involved with the case until after the class was certified . . . demonstrated an utter misunderstanding of federal class action litigation").

In light of Mr. Hofeld's recent admissions, the Court understandably should wonder why this case was converted into a putative ECOA and FHA class action after Mr. Hofeld represented to Judge Bucklo and Judge Der-Yeghiayan, just weeks before, that he was incapable of handling an ECOA and FHA class action. In this regard, it is noteworthy that in early June 2008, plaintiffs in an action pending against Countrywide in the District of Massachusetts asked the Panel on Multidistrict Litigation to order consolidated and coordinated pretrial proceedings of three fair lending cases – this one, that one (*Miller v. Countrywide Bank, et al.*, No. 1:07-cv-11275-NG (D. Mass.)) and *Garcia v. Countrywide Financial Corp., et al.*, No. 5:07-cv-01161-VAP-JCR (C.D. Cal.). *See In re Countrywide Financial Corp. Mortgage Lending Practices*

*Litigation*, MDL No. 1974. The class allegations in this action were added on June 27, after the consolidation motion was filed.

The timing of these events is hardly insignificant, and suggests that what is really going on is an attempt to influence the consolidation proceedings or piggyback on others' work. The allegations in this case stand in stark contrast to Mr. Hofeld's recent dismissals, and call into question whether counsel actually intends to represent a class of borrowers, or if adding class allegations is aimed at serving some other purpose. Putative class members should not be used as pawns to gain an advantage.

Accordingly, the class allegations should be stricken because Plaintiffs cannot satisfy Rule 23's adequacy of counsel requirements.

## CONCLUSION

For the foregoing reasons, Countrywide respectfully requests that the Court strike all class allegations in the Amended Complaint.

Respectfully submitted,

  /s/ Steven R. Smith
Steven R. Smith, #3128231
Derek S. Holland, #6285564
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050

*Attorneys for Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, Countrywide Bank, N.A., n/k/a/ Countrywide Bank, FSB, and Countrywide Financial Corporation*

10

Of Counsel:

Thomas M. Hefferon
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000 (telephone)
(202) 346-4444 (facsimile)

James W. McGarry
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000 (telephone)
(617) 523-1231 (facsimile)

11

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record on July 30, 2008, through the court's electronic filing system as follows:

Al Hofeld    al@alhofeldlaw.com

/s/ Steven R. Smith
Steven R. Smith

Error! Unknown document property name.Error! Unknown document property name.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARTER WARE and THELMA WARE, on behalf of themselves and the classes defined herein, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | 07 CV 1982 |
| v. | ) ) ) | Judge Bucklo |
| INDYMAC BANK, FSB; HOMESTART MORTGAGE CORPORATION; CITIMORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-5, | ) ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) ) | **JURY DEMANDED** |

**PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS CLASS ALLEGATIONS
AND CERTAIN COUNTS**

Pursuant to F.R.C.P. 41(a)(2), plaintiffs Carter and Thelma Ware respectfully

move this Court for an Order (a) withdrawing all class allegations, without prejudice, as to all

defendants; and (b) and dismissing Counts I and II as to all defendants, without prejudice.  In

support of their motion, plaintiffs state as follows:

1.     No class has been certified in this action.  No agreement of any kind has

been made by plaintiffs or their attorney with any defendant involving or affecting the rights of

absent class members.  Putative class members would not be bound in any way by this voluntary

dismissal.  F.R.C.P. 23(e).

2.     Plaintiffs have decided to withdraw the class allegations because,

following the Court's denial of plaintiffs' Motion to Relate Mables, et al., v. Indymac, 08 C

1

2216, to this case, they and their counsel do not possess the financial or human resources necessary to properly conduct and manage class-wide discovery at this time.

3.    In addition, since the scale of discovery necessary to prove disparate impact discrimination against plaintiffs individually is roughly the same as that required to prove disparate impact on a class, plaintiffs face the same resource constraint in pursuing their claims of discrimination individually. Thus, plaintiffs move to dismiss their claims of discrimination (Counts I and II) in their entirety and against all defendants.

4.    Should the Court grant this motion, only Count V, the TILA count, would proceed as to Indymac. Plaintiffs intend to move for summary judgment on that Count. Three individual Counts (Illinois Consumer Fraud Act, Credit Repair Organizations Act and Breach of Fiduciary Duty) would proceed against defendant Homestart.

WHERFORE, Plaintiffs Carter and Thelma Ware respectfully move this Court for an Order (a) withdrawing all class allegations, without prejudice, as to all defendants; (b) dismissing Counts I, II and IV as to defendant Indymac Bank, F.S.B. ("Inydmac") only and without prejudice; and (c) granting any other or further relief that the Court deems just.

Respectfully submitted,


Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and the Social Justice Project, Inc.
208 S. LaSalle Street, #1650
Chicago, Illinois 60604
(312) 345-1004
(312) 346-3242 (FAX)
al@alhofeldlaw.com

2

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Al Hofeld, Jr., attorney for plaintiffs, hereby certify that on May 14, 2008, service of the foregoing *Plaintiffs' Motion To Voluntarily Dismiss Class Allegations and Certain Counts* was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

s/Al Hofeld, Jr.
Al Hofeld, Jr.

3

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEROME NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 4475 |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| APEX FINANCIAL GROUP, INC., *et al.,* | ) | |
| | ) | Magistrate Judge Nolan |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO VOLUNTARILY WITHDRAW
## CLASS ALLEGATIONS AND DISMISS COUNTS I AND II

Pursuant to F.R.C.P. 41(a)(2), plaintiff Jerome Newman respectfully moves this Court for an Order (a) withdrawing all class allegations, without prejudice, as to all defendants; and (b) dismissing Counts I and II as to all defendants, without prejudice. In support of his motion, plaintiff states as follows:

1.    No class has been certified in this action. No agreement of any kind has been made by plaintiff or his attorney with any defendant involving or affecting the rights of absent class members. Putative class members would not be bound in any way by this voluntary dismissal. F.R.C.P. 23(e).

2.    Plaintiff has decided to withdraw the class allegations because he and his counsel have determined that his counsel does not possess the financial or human resources necessary to properly conduct and manage class-wide discovery at this time.

3.    In addition, since the scale of discovery necessary to prove disparate impact discrimination against plaintiff individually is roughly the same as that required to a prove disparate impact on a class, plaintiff would face the same resource constraint were he to pursue his claim of discrimination individually.

1

WHERFORE, plaintiff respectfully moves this Court for an Order (a)

withdrawing all class allegations, without prejudice, as to all defendants; (b) dismissing Counts I

and II as to all defendants without prejudice; and (c) granting any other or further relief that the

Court deems just.

                                        Respectfully submitted,


                                        Al Hofeld, Jr.
                                        Al Hofeld, Jr.
Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and the Social Justice Project, Inc.
208 S. LaSalle Street, #1650
Chicago, Illinois  60604
(312) 345-1004
(312) 346-3242 (FAX)
al@alhofeldlaw.com


## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Al Hofeld, Jr., attorney for plaintiff, hereby certify that on June 2, 2008, service of the foregoing *Plaintiff's Motion To Voluntarily Dismiss Class Allegations and Certain Counts* was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


                                        s/Al Hofeld, Jr.
                                        Al Hofeld, Jr.


                                                                                    2

# EXHIBIT 3

COX

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08-cv-02216

Mables et al v. IndyMac Bank, F.S.B.                    Date Filed: 04/17/2008
Assigned to: Honorable George W. Lindberg           Jury Demand: Plaintiff
Cause: 42:405 Fair Housing Act                      Nature of Suit: 443 Civil Rights:
                                                    Accommodations
                                                    Jurisdiction: Federal Question

**Plaintiff**

**Lemont Mables**                    represented by    **Al Hofeld, Jr.**
                                                    Law Offices of Al Hofeld, Jr., LLC
                                                    208 S. LaSalle Street
                                                    Suite #1650
                                                    Chicago, IL 60604
                                                    (312) 345-1004
                                                    Fax: 312-346-3242
                                                    Email: al@alhofeldlaw.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Andrew S Friedman**
                                                    Bonnett, Fairbourn, Friedman & Balint,
                                                    P.C.
                                                    2901 S. Central Avenue
                                                    Suite 1000
                                                    Phoenix, AZ 85012
                                                    (602)274-1100
                                                    Email: afriedman@bffb.com
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gary Edward Klein**
                                                    Roddy Klein & Ryan
                                                    727 Atlantic Ave
                                                    2nd Floor
                                                    Boston, MA 02111
                                                    (617)357-5500
                                                    Email: klein@roddykleinryan.com
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Marvin Alan Miller**
                                                    Miller Law LLC

115 South LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400
Fax: (312) 676-2676
Email: Mmiller@millerlawllc.com
*ATTORNEY TO BE NOTICED*

**Wendy J. Harrison**
Bonnett, Fairbourn, Friedman & Balint,
P.C.
2901 S. Central Avenue
Suite 1000
Phoenix, AZ 85022
602-274-1100
Email: wharrison@bffb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Larissa Henderson-Mables**                represented by **Al Hofeld, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew S Friedman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Edward Klein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marvin Alan Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wendy J. Harrison**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Earlene Calvin**                represented by **Al Hofeld, Jr.**
*on behalf of themselves and others*                (See above for address)
*similarly situated*                *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew S Friedman**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Edward Klein**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marvin Alan Miller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wendy J. Harrison**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**IndyMac Bank, F.S.B.**               represented by **Richard Eric Gottlieb**
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 876-1700
Email: rgottlieb@dykema.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd A Gale**
Dykema Gossett PLLC IL
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 627-2173
Email: tgale@dykema.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Renee Lynn Zipprich**
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 876-1700
Email: rzipprich@dykema.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2008 | 1 | CLASS ACTION COMPLAINT filed by Lemont Mables, Larissa Henderson-Mables, Earlene Calvin; Jury Demand. Filing fee $ 350.(kjc, ) (Entered: 04/18/2008) |
| 04/17/2008 | 2 | CIVIL Cover Sheet. (kjc, ) (Entered: 04/18/2008) |
| 04/17/2008 | 3 | ATTORNEY Appearance for Plaintiffs Lemont Mables, Larissa Henderson-Mables, Earlene Calvin by Al Hofeld, Jr. (kjc, ) (Entered: 04/18/2008) |
| 04/17/2008 | 5 | SUMMONS Issued as to Defendant IndyMac Bank, F.S.B. (kjc, ) (Entered: 04/18/2008) |
| 04/18/2008 | 6 | ATTORNEY Appearance for Plaintiffs Lemont Mables, Larissa Henderson-Mables, Earlene Calvin by Marvin Alan Miller (Miller, Marvin) (Entered: 04/18/2008) |
| 04/21/2008 | 7 | ATTORNEY Appearance for Defendant IndyMac Bank, F.S.B. by Richard Eric Gottlieb (Gottlieb, Richard) (Entered: 04/21/2008) |
| 04/21/2008 | 8 | ATTORNEY Appearance for Defendant IndyMac Bank, F.S.B. by Todd A Gale (Gale, Todd) (Entered: 04/21/2008) |
| 04/21/2008 | 9 | ATTORNEY Appearance for Defendant IndyMac Bank, F.S.B. by Renee Lynn Zipprich (Zipprich, Renee) (Entered: 04/21/2008) |
| 04/21/2008 | 10 | Federal Rule 7.1 and Local Rule 3.2 Disclosure STATEMENT by IndyMac Bank, F.S.B. (Gottlieb, Richard) (Entered: 04/21/2008) |
| 04/21/2008 | 11 | MOTION by Defendant IndyMac Bank, F.S.B. to transfer case (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Gottlieb, Richard) (Entered: 04/21/2008) |
| 04/21/2008 | 12 | MEMORANDUM by IndyMac Bank, F.S.B. in support of motion to transfer case 11 (Attachments: # 1 Declaration of Michael L. Stanford, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K) (Gottlieb, Richard) (Entered: 04/21/2008) |
| 04/21/2008 | 13 | NOTICE of Motion by Richard Eric Gottlieb for presentment of motion to transfer case 11 before Honorable George W. Lindberg on 4/30/2008 at 09:30 AM. (Gottlieb, Richard) (Entered: 04/21/2008) |
| 04/22/2008 | 14 | MINUTE entry before Judge Honorable George W. Lindberg: Indymac Bank, F.S.B.'s motion to transfer case 11 is entered and continued. Responses to the motion to transfer due 5/6/2008. Reply due 5/13/2008. In court ruling on 6/10/2008 at 9:30 a.m. Mailed (vmj, ) (Entered: 04/23/2008) |
| 05/06/2008 | 15 | MEMORANDUM by Lemont Mables, Larissa Henderson-Mables, Earlene Calvin in Opposition to motion to transfer case 11 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Miller, Marvin) (Entered: 05/06/2008) |
| 05/13/2008 | 16 | REPLY by Defendant IndyMac Bank, F.S.B. to motion to transfer case 11 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Gottlieb, Richard) (Entered: 05/13/2008) |

| 05/14/2008 | 17 | MINUTE entry before Judge Honorable George W. Lindberg: Ruling reset to 6/11/2008 at 9:10 a.m.on the motion to transfer. No court appearance required on 6/10/2008.Mailed notice (slb, ) (Entered: 05/14/2008) |
| 05/28/2008 | 18 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Lemont Mables, Larissa Henderson-Mables, Earlene Calvin by Gary Edward Klein; Order entered granting leave by Judge Honorable George W. Lindberg. Filing fee $ 100 paid, receipt number 264002779 (vmj, ) (Entered: 05/30/2008) |
| 05/30/2008 | 19 | MINUTE entry before the Honorable George W. Lindberg: Status hearing set for 6/11/2008 at 09:10 AM.Mailed notice (slb, ) (Entered: 05/30/2008) |
| 06/09/2008 | 20 | MINUTE entry before the Honorable George W. Lindberg: Defendant's motion to transfer venue to the Central District of California 11 is denied. The status hearing scheduled for 6/11/2008 is stricken. Status hearing set for 6/25/2008 at 9:30a.m.Mailed notice (slb,). (Entered: 06/09/2008) |
| 06/09/2008 | 21 | MEMORANDUM Opinion and Order Signed by the Honorable George W. Lindberg on 6/9/2008:Mailed notice(slb, ) (Entered: 06/09/2008) |
| 06/11/2008 | 22 | MINUTE entry before the Honorable George W. Lindberg: Status hearing reset for 6/25/2008 at 10:00 AM.Mailed notice (slb, ) (Entered: 06/11/2008) |
| 06/25/2008 | 23 | MINUTE entry before the Honorable George W. Lindberg:Status hearing held. The briefing schedule on the motion to dismiss is amended to reflect the following briefing schedule. Motion to dismiss to be filed on or before 7/31/2008. Response to the motion to dismiss to be filed on or before 8/14/2008. Reply to be filed on or before 8/21/2008. Ruling set for 9/24/2008 at 9:30a.m. Mailed notice (slb, ) (Entered: 06/25/2008) |
| 07/03/2008 | 24 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 07520000000002909217. (Friedman, Andrew) (Entered: 07/03/2008) |
| 07/03/2008 | 25 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 07520000000002909263. (Harrison, Wendy) (Entered: 07/03/2008) |
| 07/22/2008 | 26 | MINUTE entry before the Honorable George W. Lindberg: Motions for leave to appear pro hac vice 24 and 25 are granted. Leave of court is given to Andrew S. Friedman and Wendy J. Harrison to appear pro hac vice on behalf of the plaintiffs. Mailed (vmj, ) (Entered: 07/23/2008) |
| 07/28/2008 | 27 | MINUTE entry before the Honorable George W. Lindberg: Status hearing set for 9/24/2008 at 09:30 AM. Mailed notice (slb, ) (Entered: 07/28/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/30/2008 09:46:22 | | |
| **PACER Login:** | gp1909 | **Client Code:** | 021627-184865 |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-02216 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |