IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONIA JENKINS, GERMAN PENA and BERNICE SMITH, on behalf of themselves and the classes defined herein, <br><br> plaintiffs, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC., d/b/a AMERICA'S WHOLESALE LENDER, COUNTRYWIDE BANK, N.A., n/k/a, COUNTRYWIDE BANK, FSB; and COUNTRYWIDE FINANCIAL CORPORATION <br><br> defendants. | 08 CV 2935 <br><br> Judge Coar <br><br> Magistrate Judge Keys <br><br><br><br><br><br> JURY DEMANDED |

## NOTICE OF JPML TRANSFER ORDER

Plaintiffs, through counsel, hereby notify this Court that, on August 7, 2008, the U.S. Judicial Panel on Multidistrict Litigation issued a Transfer Order that transferred this action and two others involving common questions of fact to the Honorable John G. Heyburn II in the Western District of Kentucky for coordinated or consolidated pretrial proceedings. A copy of the Transfer Order is attached as Appendix A.

In light of the creation of MDL No. 1974, *In Re: Countrywide Financial Corp. Mortgage Lending Practices Litigation*, and in light of the text of the Transfer Order, which indicates that the transfer is effective immediately (p. 2), plaintiffs respectfully submit that a response, in this Court, to defendants' pending Motion to Strike Class Allegations ("Motion") should not be necessary at this time. Plaintiffs respectfully suggest that this Court should take no further action with respect to defendants' Motion. However, should this Court disagree and

1

nevertheless desire a full response to defendants' Motion, plaintiffs' counsel would like the opportunity to file a full response.[1]

In any event, the grounds for defendants' motion are now moot, in view of the Countywide MDL proceeding. In the MDL, the efforts and resources of all plaintiffs' counsel will necessarily be coordinated. Further, Judge Heyburn will enter a case management order that, among other things, will appoint lead, class counsel for plaintiffs who are adequate and well-qualified in every respect, including in their individual and/or collective abilities to devote significant financial and human resources to the prosecution of the coordinated actions on behalf of the class(es).

For these and other reasons, defendants' Motion should be denied.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and The Project for Social Justice, Inc.
208 S. LaSalle Street, Suite #1650
Chicago, Illinois 60604
Phone - (312) 345-1004
Fax – (312) 346-3242
al@alhofeldlaw.com

---

[1] Plaintiffs' counsel is out of the office on vacation August 18-24, 2008. In the event the Court requires a response, plaintiffs respectfully request that the deadline be re-set to the week of September 1, 2008.

2

**NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

    I, Al Hofeld, Jr., attorney for plaintiffs, hereby certify that on August 15, 2008, notice and service of the attached *Notice of JPML Transfer Order* was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                      s/Al Hofeld, Jr.
                                                      Al Hofeld, Jr.

# APPENDIX A

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 07, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE LENDING PRACTICES LITIGATION          MDL No. 1974

TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in the District of Massachusetts action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Massachusetts. Plaintiffs in the remaining two actions agree that centralization is appropriate, but suggest centralization in either the Central District of California or Northern District of Illinois. The Countrywide affiliated defendants[1] oppose the motion; if the Panel deems centralization appropriate, they support centralization in the Central District of California.

This litigation presently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Central District of California, the Northern District of Illinois and the District of Massachusetts.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether Countrywide engaged in discriminatory residential lending practices, including the imposition of discretionary fees/charges, which increased the cost of financing and resulted in higher loans for minority borrowers than similarly situated non-minority borrowers. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves three purported nationwide class actions, many districts would be an appropriate transferee forum. Accordingly, we have selected the Western District of Kentucky, where Judge John G. Heyburn II can guide this litigation ably.

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] Countrywide Financial Corp.; Countrywide Home Loans, Inc.; and Countrywide Bank, FSB (collectively Countrywide).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable John G. Heyburn II for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

J. Frederick Motz
Acting Chairman

John G. Heyburn II, Chairman*　　Robert L. Miller, Jr.
Kathryn H. Vratil　　　　　　　　David R. Hansen

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE LENDING PRACTICES LITIGATION                MDL No. 1974

## SCHEDULE A

<u>Central District of California</u>

Gabriel Garcia v. Countrywide Financial Corp., et al., C.A. No. 5:07-1161

<u>Northern District of Illinois</u>

Sonia Jenkins, et al. v. Countrywide Home Loans, Inc., C.A. No. 1:08-2935

<u>District of Massachusetts</u>

Gillian Miller, et al. v. Countrywide Bank, N.A., et al., C.A. No. 1:07-11275