IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONIA JENKINS, GERMAN PENA and BERNICE SMITH, on behalf of themselves and the classes defined herein, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC., d/b/a AMERICA'S WHOLESALE LENDER, COUNTRY WIDE BANK, N.A., n/k/a, COUNTRYWIDE BANK, FSB; and COUNTRYWIDE FINANCIAL CORPORATION, <br><br> Defendants. | 08 CV 2935 <br><br> Judge Coar <br><br> Magistrate Judge Keys |

**COUNTRYWIDE'S MOTION TO WITHDRAW
ITS MOTION TO STRIKE CLASS ALLEGATIONS**

Defendants Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender, Countrywide Bank, N.A., Countrywide Bank, FSB, and Countrywide Financial Corporation (collectively, "Countrywide"), through undersigned counsel, move to withdraw their Motion to Strike Plaintiffs' Class Allegations ("Motion"), *without prejudice*, as follows:

1.  On July 30, 2008, Countrywide moved to strike Plaintiffs' Class Allegations based on admissions (in recent cases with virtually identical claims) by Plaintiffs' counsel that he lacks the resources to adequately prosecute this type of class action. [Dkt. 19.]

2.  On August 5, 2008, the Court set a briefing schedule on Countrywide's Motion. [Dkt. 23.]

3.  On August 7, 2008, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") issued a Transfer Order in which it ordered this case be transferred to the U.S.

83958.1

District Court for the Western District of Kentucky.  *See* Transfer Order, attached as Exhibit A. The MDL Panel found that this case was one of three lawsuits filed nationwide that involve common questions of fact and merit centralization in one forum (the other two cases were filed in the Central District of California and the District of Massachusetts).

4.      In light of the MDL Panel's transfer of this case to the Western District of Kentucky, Countrywide seeks to withdraw its Motion, without prejudice.

WHEREFORE, Countrywide respectfully requests that this Honorable Court grant this Motion, permit it to withdraw its Motion to Strike the Class Allegations, without prejudice, and order such other and further relief as is just and necessary.

Dated: August 18, 2008                              Respectfully submitted,

                                                     /s/ Derek S. Holland
                                                    Steven R. Smith, #3128231
                                                    Derek S. Holland, #6285564
                                                    BRYAN CAVE LLP
                                                    161 North Clark Street, Suite 4300
                                                    Chicago, Illinois 60601
                                                    Telephone: (312) 602-5000
                                                    Facsimile: (312) 602-5050

                                                    *Attorneys for Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, Countrywide Bank, N.A., n/k/a/ Countrywide Bank, FSB, and Countrywide Financial Corporation*

Of Counsel:

Thomas M. Hefferon
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 346-4000 (telephone)
(202) 346-4444 (facsimile)

83958.1                                             2

James W. McGarry
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000 (telephone)
(617) 523-1231 (facsimile)

Case 1:08-cv-02935   Document 25   Filed 08/18/2008   Page 3 of 4

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record on August 18, 2008, through the court's electronic filing system as follows:

  Al Hofeld  al@alhofeldlaw.com

              _____/s/ Derek S. Holland_____
               Derek S. Holland

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 07, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORTGAGE LENDING PRACTICES LITIGATION        MDL No. 1974

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in the District of Massachusetts action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Massachusetts. Plaintiffs in the remaining two actions agree that centralization is appropriate, but suggest centralization in either the Central District of California or Northern District of Illinois. The Countrywide affiliated defendants[1] oppose the motion; if the Panel deems centralization appropriate, they support centralization in the Central District of California.

This litigation presently consists of three actions listed on Schedule A and pending in three districts as follows: one action each in the Central District of California, the Northern District of Illinois and the District of Massachusetts.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether Countrywide engaged in discriminatory residential lending practices, including the imposition of discretionary fees/charges, which increased the cost of financing and resulted in higher loans for minority borrowers than similarly situated non-minority borrowers. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given that this litigation involves three purported nationwide class actions, many districts would be an appropriate transferee forum. Accordingly, we have selected the Western District of Kentucky, where Judge John G. Heyburn II can guide this litigation ably.

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] Countrywide Financial Corp.; Countrywide Home Loans, Inc.; and Countrywide Bank, FSB (collectively Countrywide).

- 2 -

     IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable John G. Heyburn II for coordinated or consolidated pretrial proceedings.

                         PANEL ON MULTIDISTRICT LITIGATION

                                 J. Frederick Motz
                                 Acting Chairman

John G. Heyburn II, Chairman[*]     Robert L. Miller, Jr.
Kathryn H. Vratil                   David R. Hansen

IN RE: COUNTRYWIDE FINANCIAL CORP.
MORGAGE LENDING PRACTICES LITIGATION  MDL No. 1974

## SCHEDULE A

<u>Central District of California</u>

Gabriel Garcia v. Countrywide Financial Corp., et al., C.A. No. 5:07-1161

 <u>Northern District of Illinois</u>

Sonia Jenkins, et al. v. Countrywide Home Loans, Inc., C.A. No. 1:08-2935

 <u>District of Massachusetts</u>

Gillian Miller, et al. v. Countrywide Bank, N.A., et al., C.A. No. 1:07-11275